IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRANDY WILSON,

      Plaintiff

            CASE NO.

  v.

FAIRWINDS CREDIT UNION,

      Defendant.

_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, BRANDY WILSON (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against FAIRWINDS CREDIT UNION (hereinafter referred as "FAIRWINDS" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA"), and in support of states as follows:

**INTRODUCTION**

1. This is a disability discrimination and retaliation case brought by Plaintiff, pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq*. ("FMLA"), and seeks damages, including back pay, liquidated damages, compensatory and punitive damages, front pay, declaratory and injunctive relief, as well as her attorneys' fees and costs.

**JURISDICTION**

2. The acts and omissions giving rise to this action occurred in Orange County, Florida.

3. Plaintiff was employed by Defendant in Orlando, Florida.

4. Defendant operates one or more banks in the Orlando area.

5. This is an action at law raises a federal question under federal law, specifically the

FMLA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

## VENUE

6. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

7. Plaintiff was an employee of Defendant for approximately three (3) years.

8. Defendant was responsible for compensating Plaintiff in exchange for the work and hours worked by Plaintiff.

9. At all times relevant, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

10. At all times relevant, Plaintiff was an "eligible employee" as defined by 29 U.S.C. § 2611(2)(A).

11. As of the date of her termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

12. As of the date of her termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

13. As of the date of her termination, Defendant has a combined total of fifty (50) or more employees.

## FACTUAL ALLEGATIONS

14. Plaintiff was hired as a Customer Service Representative on or about June 2017.

15. Plaintiff, along with other Fairwinds employees, signed a document stating that as a result of the recent pandemic, she would not report to work if she exhibited *(2) two or more*

symptoms associated with Covid-19.

16. On or about May 19, 2020, Plaintiff reported to work and advised her supervisor, Amanda Ruiz, that she had a sore throat.

17. At that time, this was the *only* symptom associated with Covid-19 that Plaintiff was exhibiting.

18. Plaintiff was not allowed to go home and told to work only outbound calls.

19. As the day progressed, Plaintiff began to cough and developed a headache.

20. Again, Plaintiff reported the symptoms to management but was not allowed to go home.

21. Plaintiff's temperature was taken, and she did not have a fever.

22. Unfortunately, despite advising Defendant of the symptoms she exhibited, first just a sore-throat, then a subsequent cough, and headache, Plaintiff was not allowed to go home and was ultimately terminated.

23. Plaintiff did not violate Company policy because she only had one (1) symptom upon reporting to work.

24. Plaintiff could perform the essential functions of her job duties.

25. Plaintiff notified her supervisors about her medical conditions.

26. Plaintiff followed proper notice procedures.

27. Defendant was made aware of her medical conditions.

28. Defendant would not accommodate Plaintiff.

29. At the time of her termination Plaintiff was qualified for her position.

30. At the time of her termination Plaintiff was able to perform the essential functions of her job.

31. At no time during her employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet her job duties.

32. At the time of her termination, Plaintiff worked for a covered employer as defined by the FMLA.

33. At the time of her termination, Plaintiff was eligible for FMLA leave.

34. Plaintiff's notice for her need for FMLA leave was timely.

35. Plaintiff's notice for her need for FMLA leave complied with Defendant's company policies regarding request for time off.

36. Plaintiff was entitled to FMLA covered leave pursuant to 29 U.S.C. § 2612 (a)(1).

37. Defendant's actions violate the provisions of 29 U.S.C §2615(a).

38. Defendant's actions violate the provisions of 29 U.S.C §2614(a).

39. Defendant's actions constitute interference with Plaintiff's rights under FMLA.

40. Defendant's actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

41. Defendant's actions constitute discrimination in violation of Plaintiff's rights under FMLA.

## COUNT I
## RETALIATION UNDER THE FMLA

42. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 41 above as if fully set forth herein.

43. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

44. Defendant was Plaintiff's employer as defined by the FMLA.

45. Defendant discriminated and/or retaliated against Plaintiff because she exercised her rights under the FMLA.

46. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

47. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

48. Defendant's discriminatory/retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA covered leave.

49. Defendant's conduct violated Plaintiff's rights to be free from discrimination/retaliation as guaranteed by the FMLA.

50. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

51. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

52. Defendant's violations of the FMLA were willful.

53. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in her favor and against Defendant for violation of the anti-discrimination provisions of the FMLA;

b. judgment in her favor and against Defendant for damages, including lost earning, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct.

c. judgment in her favor and against Defendant for her reasonable attorney's fees and litigation expenses;

   d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2671(a)(1)(A)(iii);

   e. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FMLA; and

   f. an order grating such other and further relief as this Court deems just and equitable under the circumstances of this case.

<b><u>COUNT II<br>INTERFERENCE UNDER THE FMLA</u></b>

  54. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 41 above as if fully set forth herein.

  55. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

  56. Defendant was Plaintiff's employer as defined by the FMLA.

  57. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

  58. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

  59. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

  60. Defendant's violations of the FMLA were willful.

  61. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

  **WHEREFORE,** Plaintiff respectfully requests entry of:

   a. judgment in her favor and against Defendant for interference with her rights under the FMLA;

b. judgment in her favor and against Defendant for damages, including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendant's practices toward Plaintiff violate her rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## JURY DEMAND

Plaintiff, BRANDI WILSON, hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this 13th day of January, 2021.

Respectfully submitted,

*s/ Bruce A. Mount*
Carlos V. Leach, Esq.
FL Bar No.: 540021
Bruce A. Mount, Esq.
FL Bar No.: 88754
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: cleach@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***